PHILLIP A. TALBERT
United States Attorney
DAVID L. GAPPA
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000

ALICIA A. BOVE
Trial Attorney
United States Department of Justice
Child Exploitation and Obscenity Section
1301 New York Ave, N.W.
Washington, D.C. 20000
Email: Alicia.Bove@usdoj.gov
Telephone: (202) 616-5313

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>   v.<br><br>STEVEN DALE JONES,<br><br>               Defendant. | CASE NO. 1:18-cr-00179 DAD-BAM<br><br>GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL TRANSFER OF EVIDENCE TO NEW JERSEY THAT HAS BEEN MADE REASONABLY AVAILABLE IN FRESNO |

## I.   INTRODUCTION

The United States opposes the defendant's motion to compel the government to transfer evidence to a location in New Jersey, because that evidence has been made reasonably available to the defense in Fresno. Not only has the government complied with its discovery obligations, the defense has not provided any legal authority or factual basis that suggests the court should grant the request.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

This case began on August 8, 2018, when the government filed a criminal complaint. Docket Entry 1. The defendant was later charged by indictment, and he pleaded guilty, without a plea agreement, on September 26, 2019, just days before a jury trial was scheduled to begin. He told the court then that he was "very satisfied" with his defense counsel. The factual basis for his plea included the defendant's admission that for more than five years, between January 2012 and April 12, 2017, he received child pornography by using the internet and qBitTorrent, a peer-to-peer file-sharing program, as well as his computer and an external Seagate hard drive. He told the court, under oath, that he had admitted to law enforcement that he regularly searched for and downloaded child pornography and used the TOR network. Law enforcement recovered thousands of images of child pornography as well as evidence that he had used the TOR network and BitTorrent applications on devices seized from him. Docket Entry 62 (change of plea hearing transcript at 14, lines 1-15).

The court scheduled a sentencing hearing for December 16, 2019. The government filed its sentencing memorandum on December 9, 2019. The court continued the sentencing hearing, often at the defendant's request, multiple times. Docket Entries 33, 36, 38, 39, 41, 44, 45, 49. The defendant eventually told the court that he wanted a different attorney, so current counsel was appointed and entered his appearance on November 30, 2020. Docket Entries 54, 55. When current defense counsel entered the case the sentencing hearing was already scheduled for January 19, 2021. The government obtained a protective order that enabled it to provide access to contraband and all discovery on December 3, 2020. Docket Entry 57. The government provided all available discovery and supplemented that material when specific items were requested by current defense counsel.

The government agreed to at least three continuances of the sentencing hearing at the request of current defense counsel. Docket Entries 65, 70, 74. Defense counsel was not prepared to proceed with the sentencing hearing scheduled for September 20, 2021. During that hearing, defense counsel represented to the court that if the court set the sentencing for December 13, 2021, that would be sufficient time to be prepared. Docket Entry 77. The court explained that it did not want to select a date only to have to consider an additional requested continuance. The defense then focused on retaining psychological experts and preparing a sentencing memorandum incorporating those findings and

2

arguments.

In October 2021 the defense requested specific information about settings on a file-sharing program that the defendant used.  The government provided available reports and also examined items in evidence to satisfy defense requests.  Even though the government provided the information requested by defense counsel, he argued that "further necessary investigation into the issue must be conducted with the assistance of an expert in computer science." Docket Entry 78.  Defense counsel did not articulate, despite being asked, how his desired investigation would impact any sentencing argument that he would make in light of the defendant's admission that he used a file-sharing program to acquire child pornography.  As noted in the attached declaration from FBI Special Agent Joshua Ratzlaff, neither defense counsel nor any defense expert has ever asked to see any evidence at the Fresno FBI office.

### III.     DEFENSE MOTION TO COMPEL TRANSFER OF EVIDENCE

The defense has supplemented its motion with declarations from counsel and Rebecca Mercuri that contain information that is not completely accurate or helpful to the defense request.  Although defense counsel has suggested that the government has offered to make "a copy of the contraband available at the ICE office in Fresno," this is not correct.  Docket Item 83 at 5, lines 27-28.  As noted in the criminal complaint and presentence investigation and report, this is a case investigated by the FBI.  The Fresno ICE office has never had any involvement in this case, and government counsel never suggested that evidence could only be "viewed" "in a room at the Fresno ICE office." Docket Item 83 at 1, lines 14-15.[1]  Government counsel several times has communicated to defense counsel, beginning in December 2020, that a copy of items seized from the defendant and contraband would be available for review at the Fresno FBI office.  Neither defense counsel nor any defense expert has asked to see any evidence at the Fresno FBI office.  Special Agent Ratzlaff has stated in his declaration that the Fresno

---

[1] Government counsel communicated to defense counsel that judges in Fresno have consistently denied requests that the government transfer evidence to offices outside of the Eastern District of California.  Government counsel referred defense counsel to the docket for *United States v. Ronald Vaughn, Jr.*, 1:05-cr-00482 OWW, the last time the issue had been litigated, to see that the district court had rejected claims from an expert who claimed that government facilities precluded an expert from conducting a thorough defense review within the confines of a law enforcement setting.  The government notes the irony of Dr. Mercuri characterizing a declaration from that case (filed in 2007) as "outdated and now technically obsolete" [Docket Item 83-2 at para. 3] when she obtained her initial degree related to technology in 1979 and her terminal degree related to technology in 2001.

3

FBI office has hosted approximately 20 evidence reviews by defense attorneys and experts, and no one has complained about restrictions on their access or ability to adequately do their work.

Rebecca Mercuri, in a declaration signed on January 26, 2022, has not stated that she would be unable to do whatever evidence review is desired at the Fresno FBI office.  In fact, she and defense counsel have indicated that they traveled to a different computer laboratory in Pennsylvania (not New Jersey) to review evidence in a different case on which they collaborated.  She also claims to have been retained to work on approximately 200 cases involving child sexual exploitation but only in "some" unspecified number of these case have courts required the government to make discovery available at a location in New Jersey.  Docket Item 83-2 at para. 7.  Her resume lists numerous court appearances and speaking engagements all across the United States, so she has traveled extensively in support of her work as an expert.

The court should also note the discrepancy between Mercuri's claim that the New Jersey facility "routinely has provided, a high-speed forensically secure tower computer, set up to my specifications, with software and peripherals" [Docket Item 83-2 at para. 10] and Special Agent Ratzlaff's report that the New Jersey facility provides the same equipment that the Fresno FBI office provides.  The Fresno FBI office has offered to provide the same equipment on which to review evidence, and it is also open to letting Mercuri bring her own equipment to the Fresno FBI office.  An important difference between the two locations, however, is that the government would incur unnecessary extra burdens if the evidence is reviewed in New Jersey, because the facility there has indicated that it would be necessary for an agent to be present when Mercuri was present and working in the facility.  No such supervision is necessary at the secured Fresno FBI office.

Defense counsel has pointed to the cost of having Dr. Mercuri review evidence in Fresno, but that would be a problem of his own decisions and design.  It is unclear why defense counsel chose to select someone thousands of miles away on the East Coast when he knew that evidence was maintained at the Fresno FBI office.  Moreover, defense counsel agreed to a protective order (Docket Items 56 and 57) in which he conceded on December 2, 2020, that the government would make digital evidence, including contraband, only available within the confines of a law enforcement facility.  He agreed that contraband would not be viewed "by any other person unless defense counsel is present."  Docket Item

57, para. 8. Defense counsel's current request would either violate the protective order to which he agreed or he would need to seek funding for his own travel to New Jersey.

### IV. THE EVIDENCE IN THIS CASE REMAINS REASONBLY AVAILABLE IN FRESNO

The court is well aware that Congress, in its wisdom, restricted the reproduction and further dissemination of child sexual abuse material by enacting 18 U.S.C. § 3509(m) as part of the Adam Walsh Act. That statute provides, in relevant part:

> (m) Prohibition on Reproduction of Child Pornography.
>
> > (1) In any criminal proceeding, any property or material that constitutes child pornography (as defined by section 2256 of this title) shall remain in the care, custody, and control of either the Government or the court.
> >
> > (2)
> >
> > > (A) Notwithstanding Rule 16 of the Federal Rules of Criminal Procedure, **a court shall deny, in any criminal proceeding, any request by the defendant to copy, photograph, duplicate, or otherwise reproduce any property or material that constitutes child pornography** (as defined by section 2256 of this title), so long as the Government makes the property or material reasonably available to the defendant.
> > >
> > > (B) For the purposes of subparagraph (A), property or material shall be deemed to be reasonably available to the defendant if the Government provides ample opportunity for inspection, viewing, and examination at a Government facility of the property or material by the defendant, his or her attorney, and any individual the defendant may seek to qualify to furnish expert testimony at trial.

*Id.* (emphasis added).

The government continues to make the requested discovery reasonably available to the defense in Fresno, where the crime was committed, defense counsel works, the court conducts its business, and other experts within driving distance are available. Notably, the defendant has *pleaded guilty to*

receiving and distributing child pornography on the very devices he now wishes to examine, significantly reducing any relevance of the forensic evidence he hopes to uncover.

Even before 18 U.S.C. § 3509(m) was enacted, all of the judges in Fresno routinely denied requests from defense attorneys who claimed that it would be an undue burden on them and defense experts to review evidence and prepare for trials or hearings within the confines of a law enforcement office in Fresno. The issue has been so well-settled in Fresno that it has not been litigated much, if at all, during the past fifteen years (which is why government counsel directed defense counsel to the docket for one of the last challenges to this provision). For example, in *United States v. Rodriquez*, 1:05-cr-00063 LJO, a defense expert traveled from Colorado to review a hard drive that had been seized at a University of California laboratory facility and used by at least 5-6 different people. During the same week in which that expert reviewed evidence, a different expert from Spokane, Washington reviewed evidence in *United States v. Fritch*, 1:05-cr-00330 OWW. The defense had argued that it would not be possible to review a computer, which had multiple users, within the limiting confines of a law enforcement facility. But the expert worked in Fresno for four days and ultimately did not complain about his access to the material or the facility in which he was working. In *United States v. Celedon*, 1:05-cr-00378 OWW, a defense expert claimed that he would incur almost $21,000 in expenses, and 178 hours of time, if he had to travel to Fresno to review 16 internal hard drives, 3 external hard drives, 29 CD Roms, and 2 USB drives. The court denied the defense request to permit review of the evidence except within the confines of a law enforcement office, and ultimately the defendant pleaded guilty. As yet another example, the court in *United States v. Vaughn*, 1:05-cr-00482 OWW, denied a defense request to permit the computer forensics expert from Colorado to review evidence other than at a law enforcement office in Fresno. The defense strenuously raised due process objections, but ultimately the defendant's convictions – after a 29-court day trial – were upheld on appeal.

Evidence is reasonably available as long as the defendant is given "ample opportunity" to examine the devices. *United States v. Wright*, 625 F.3d 583, 616 (9th Cir. 2010). In *Wright*, the defendant was given the opportunity to access a "bit-by-bit image copy" of his hard drive in a secure location provided by the government. *Id.* at 614-15. The defense was permitted access to the evidence for 14-months prior to trial. *Id.* at 615. Two weeks prior to trial, the defendant requested a continuance

of the trial date because his expert had not finished his review of the hard drive, citing other obligations with the federal public defender's office (FPD). *Id.* The court denied the continuance and the case proceeded to trial, where he was found guilty. *Id.* at 590, 615. On appeal, the defendant argued that the evidence was not made reasonably available because the district court failed to recognize the FPD's budget and staffing problems, the expert's other duties with the FPD's office, and that the district court denied his request for another expert as it was deemed too costly. *Id.* at 615. The Ninth Circuit held that the evidence was reasonably available to the defendant as he had access to the hard drive for a period of 14 months in a secure location provided by the government. *Id.* at 617.

In this case, the evidence the defense seeks was reasonably available at a secure location (the Fresno FBI office) for approximately 13 months prior to a change of plea hearing (only days before a trial was to begin) at which he said he was completely satisfied with his then-counsel's representation. The same evidence is still accessible to the defense's chosen expert at the Fresno FBI office. If the Ninth Circuit in *Wright* found that the digital evidence was made reasonably available to a defendant prior to *trial* in that case, certainly the digital evidence has been reasonably available to the defense in this case prior to *sentencing*. This is especially true since current counsel entered the case when the sentencing hearing was already scheduled (for January 19, 2020) and he obtained numerous continuances delaying the proceeding by sixteen months.

The defense's decision to hire a defense expert based outside of the Fresno area does not trump the prohibition of 18 U.S.C. 3509(m) or require the government to send the evidence out of the jurisdiction for the expert's convenience. The convenience of an expert has repeatedly been rejected as a justification to overcome the strict prohibitions in § 3509(m). *See United States v. Mitchell*, 128 F. Supp. 3d at 1275 (citing to multiple courts which have found that the "defendant's increased costs and procedural difficulties are not reasons to undercut the courts' deference to the congressionally approved framework adopted in § 3509(m)" (citations omitted)). In *Mitchell,* a defense expert from Arizona claimed that her personal professional commitments would preclude her from conducting an examination at a law enforcement site in Sacramento. She claimed that she would need to be at the facility "for months," and it did not provide her the tools and security that she needed to conduct her work. Although a magistrate agreed with the defense that the government was not able to make the

evidence reasonably available, the district court disagreed.  The court (Judge Mueller) noted that the Ninth Circuit had not defined the exact parameters of "ample opportunity" to review evidence, but held that 3509(m) does not require "that the defendant and the government have equal access to the child pornography evidence." *United States v. Wright*, 625 F.3d 583, 616-17 (9th Cir. 2010) (citing with approval *United States v. Cordy*, 560 F.3d 808, 816 (8th Cir. 2009).  The Ninth Circuit upheld the district court's decision that had denied the defense request to make the evidence available to the defense expert in Arizona rather than the law enforcement office in Sacramento.  *United States v. Mitchell*, 725 Fed. Appx. 544, 545-46 (9th Cir. 2018) (unpublished).

Nor is the *Mitchell* case an outlier.  *See United States v. Busby*, 2012 WL 5077144, *3-*4 (N.D.C.A. Oct. 18, 2012) (holding the fact that review of the evidence required multiple trips by a defense expert from Arizona to northern California where the evidence was stored was insufficient to demonstrate the evidence was not reasonably available); *United States v. Butts*, 2006 WL 3613364, *2 (D. Ariz. Dec. 6, 2006) (unpublished) ("When determining whether material is reasonably available to a defendant, the applicable standard does not consider expense or location as relevant factors.").

## V.    CONCLUSION

The court should deny the defense motion, because the government has complied with its statutory obligation to make all of the evidence in this case reasonably available to the defense. There is no legal or factual good cause upon which the court should grant the motion.

Dated:  February 7, 2022

PHILLIP A. TALBERT
United States Attorney

By:  /s/ DAVID L. GAPPA
DAVID L. GAPPA
Assistant United States Attorney

/s/ ALICIA A. BOVE
ALICIA A. BOVE
Trial Attorney